UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

--------------------------------------------------------------X

THE BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK AS SUCCESSOR
TO JPMORGAN CHASE BANK, AS TRUSTEE
FOR ABFS MORTGAGE LOAN TRUST 2003-1,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2003-1,

**FILED
CLERK**

12/21/2017 10:38 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

          Plaintiff,

      -against-

**ORDER**

14-CV-1024 (JMA) (AYS)

LASHONDRA HATTER A/K/A LASHANDRA
HATTER; DANIEL JARVIS, SR.; SECURITIES
AND EXCHANGE COMMISSION; BENEFICIAL
NEW YORK INC.; GMAC, CLERK OF THE
SUFFOLK COUNTY DISTRICT COURT; "JOHN
DOE #1-5" AND "JANE DOE #1-5", said names
being fictitious, it being the intention of Plaintiff to
designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein;
JOHN DOE #1 A/K/A ANTHONY MELVIN.

          Defendants.

--------------------------------------------------------------X

**AZRACK, United States District Judge:**

## I. BACKGROUND

Plaintiff Bank of New York Mellon commenced this foreclosure action in New York

State Court on December 17, 2013 to foreclose on a mortgage secured by real property located at

2 Manchester Boulevard, Wheatley Heights, New York (the "Premises") and executed by

defendant Lashondra Hatter a/k/a Lashandra Hatter ("Hatter") and Daniel Jarvis, Sr. ("Jarvis")

(together the "Individual Defendants").  The Securities and Exchange Commission ("SEC") is

also named as a Defendant as it holds a lien against the Premises resulting from a judgment it

obtained against Hatter on December 11, 2008.  (See Aff. of Lisa Quade ("Quade Aff.") ¶ 9.)

On February 18, 2014, the SEC removed this action to federal court and on December 16, 2016, filed an Amended Answer with Cross-Claim and Counterclaim with the consent of Plaintiff. (See ECF Nos. 1, 17.)  Hatter and Jarvis failed to appear and did not file an answer to either the complaint or the cross-claims.  (See ECF Nos. 10, 33, 36.)  On March 8, 2016, the Clerk of Court entered a default for Hatter and Jarvis on the Cross-Claims.  (See ECF No. 26.)  On January 11, 2017, defaults were entered for Hatter and Jarvis with respect to plaintiff's complaint (the "Defaults").  (See ECF No. 35.)  On March 29, 2017, Hatter appeared before the Court for a status conference and on June 13, 2017, the Individual Defendants filed a Motion to Vacate the Defaults.  As explained more fully below, the Court finds that the Defaults against Hatter and Jarvis should be vacated.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(c) allows a court to "set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Although Rule 55 does not define "good cause," courts must assess three criteria when deciding whether to vacate an entry of default: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice."  S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (citing Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996)).  Courts may also consider other equitable factors such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).  When doubts exist as to whether a default should be vacated, the court should resolve those doubts in favor of the defaulting party.  Id.

### A. Willfulness

"A finding of willfulness requires a showing that the defaulting party engaged in

deliberate or egregious conduct." Blasters, Drillrunners and Miners Union Local 29 v. Trocom Const. Corp., No. 10–CV–4777, 2011 WL 7637264, at *2 (E.D.N.Y. Aug. 15, 2011) (report and recommendation) (citing Am. Alliance Ins. Co., 92 F.3d at 61), adopted by, 2012 WL 1067992 (E.D.N.Y. Mar. 29, 2012). Negligence or carelessness is insufficient for a finding of willfulness. McNulty, 137 F.3d at 738. Instead, a court must be persuaded that the party made a "strategic decision and deliberately chose not to appear." Trocom Const. Corp., 2011 WL 7637264, at *2 (report and recommendation); see also Gonzalez v. City of New York, 104 F. Supp. 2d 193, 196 (S.D.N.Y. 2000) ("[A] default may be found to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained.").

The Individual Defendants argue that their failure to respond in a timely manner was not willful because they were unaware that this action was pending until March 2017 and that upon learning of this action, they took immediate steps to retain counsel and appear before the Court. (See Aff. of Lashondra Hatter ("Hatter Aff.") ¶ 3, 5; Aff. of Daniel Jarvis Sr. ("Jarvis Aff.") ¶ 3, 4.) The Individual Defendants claim that they never received the Complaint. (See Hatter Aff. ¶ 3; Jarvis Aff. ¶ 3.) Anthony Mebane, who resided with Hatter and her husband, Donte Jarvis, in 2014, claims that he received legal papers addressed to an Anthony "Mevin" on or around January 2, 2014 and that he did not know that they were meant for him due to the misspelling of his last name. (See Aff. of Anthony Mebane ("Mebane Aff.") ¶¶ 1-3.) Mebane claims to have given all of the documents to Donte Jarvis, who handled all of the legal matters for the household. (Id. ¶ 2.) Donte Jarvis died of a heart attack in June 2014. (See Hatter Aff. ¶ 4.) The Individual Defendants claim that Donte Jarvis never told them about this action. (See Hatter Aff. ¶ 4; Jarvis Aff. ¶ 3.)

Additionally, Jarvis claims that he did not reside at the Premises "any time near or around January 2014," (see Jarvis Aff. ¶ 2), and therefore "never personally received nor was served

3

with any legal documents regarding this foreclosure action." (See id. ¶ 3.) Accordingly, the Individual Defendants assert that their failure to appear was not willful.

Plaintiff argues that the Individual Defendants lack a reasonable excuse for failing to answer because they were properly served with the complaint and that any statements saying otherwise are incredible. (See Pl.'s Mem. at 6-7.) The record before the Court is insufficient to show that the Individual Defendants willfully defaulted. Plaintiff has not set forth any evidence that Hatter or Jarvis personally received the complaint. Although it appears that the Individual Defendants were served with the SEC's Amended Answer and Cross-Claims, and their failure to follow up with either the SEC or Plaintiff regarding these documents may have been negligent or careless, mere negligence does not constitute willfulness sufficient to prohibit vacating an entry of default. Cf. Shmerkocvich v. RMC Consulting Grp. LLC, No. 09–CV–5490 2011 WL 887871, at *3 (E.D.N.Y. Jan. 31, 2011) (report and recommendation) (finding defendant did not exhibit bad faith and willfulness when he erroneously believed his attorney filed answer), adopted by, 2011 WL 900850 (E.D.N.Y. Mar. 14, 2011); Brown v. Gabbidon, No. 06–CV–8148, 2007 WL 1423788, at *3 (S.D.N.Y. May 14, 2007) (finding that failing to appear, though negligent, was not willful when defendant mistakenly believed his civil action was stayed pending resolution of his criminal action); Springs v. Clement, 202 F.R.D. 387, 394 (E.D.N.Y. 2001) (finding that defendant's failure to file timely answer because of confusion as to which county bureau was handling case was not willful). Accordingly, this factor weighs in favor of vacating the Defaults.

## B. Meritorious Defense

"A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." Enron, 10 F.3d at 98. The threshold, however, "is very low—a movant need only present some evidence demonstrating 'that if relief is granted the

outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand.'" Micolo v. Brennan, No. 07–CV–4901, 2009 WL 742729, at *10 (E.D.N.Y. Mar. 3, 2009) (report and recommendation) (quoting In re Martin–Trigona, 763 F.2d 503, 505 n. 2 (2d Cir. 1985)), adopted by, 2009 WL 742729 (E.D.N.Y. Mar.18, 2009).

The Individual Defendants have asserted at least one potentially meritorious defense. They claim that this action is barred by the applicable statute of limitations given that Plaintiff's predecessor, JPMorgan, commenced an initial foreclosure action on January 4, 2007. (See Aff. of William Armentano ("Armentano Aff.") ¶ 12.) The SEC has also asserted this defense. (SEC's Mem. at 3.)

Under New York law, the commencement of a foreclosure action accelerates the debt due and consequently starts the statute of limitations period. EMC Mortgage Corp. v. Patella, 279 A.D.2d 604, 605 (N.Y. App. Div. 2d Dep't 2001). The applicable statute of limitations for such a foreclosure action is six years. N.Y. CPLR § 213. Defendants acknowledge that the statute of limitations was tolled pursuant to an automatic stay under 11 U.S.C. § 362(a) during the pendency of various bankruptcies filed by Hatter and Jarvis. However, they argue that, nonetheless, the limitations period expired at least three months prior to the filing of this action. (See Armentano Reply Aff. ¶ 7; SEC's Mem. at 3.) Although Plaintiff contends that this action is timely, it has failed to respond to the specific arguments regarding tolling laid out in the SEC's brief. The arguments raised by the SEC are sufficient, on their face, to establish that both the SEC and the Individual Defendants have a potentially meritorious defense. Accordingly, this factor also weighs in favor of vacating the Defaults.

**C. Prejudice**

In deciding whether to vacate an entry of default, a court should consider "whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." McNulty, 137

F.3d at 738.  Although "[s]ome delay is inevitable when a motion to vacate a default . . . is granted," New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005), "delay standing alone does not establish prejudice," Enron, 10 F.3d at 98.  "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion."  Green, 420 F.3d at 110 (citing Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)).

In this case, granting the Individual Defendants' Motion to Vacate the Defaults will only cause minimal delay and therefore will not significantly prejudice Plaintiff.  Although this case was originally filed in 2014, Plaintiff only moved for an entry of default against the Individual Defendants in January 2017.  The record before the Court does not show that the Individual Defendants' delay resulted in a loss of available evidence or would result in increased difficulties in discovery or an opportunity for fraud or collusion.  The Individual Defendants promptly contacted Plaintiff's counsel to seek a withdrawal of the entry of default after learning of it, and the Individual Defendants' failure to make a timely appearance has, at most, caused a brief delay in the proceedings.  This delay alone is insufficient to establish prejudice.  See, e.g., Byrnes v. Yeats Constr. Mgmt., Inc., No. 12-CV-05355, 2017 WL 4045484, at *4 (S.D.N.Y. Sept. 11, 2017) (finding lack of prejudice where defendant promptly filed motion to vacate after default was entered and plaintiff made only conclusory assertions that it would be prejudiced).  Notably, Plaintiff and the SEC have not yet litigated the statute of limitations defense that is common to both the SEC and the Individual Defendants.  Accordingly, this factor also weighs in favor of vacating the Defaults.

For the foregoing reasons, all three factors weigh in favor of vacating the Defaults. Thus, the Individual Defendants' Motion to Vacate the Defaults is granted. The Individual Defendants are directed to file an answer within thirty (30) days of this order.

**SO ORDERED.**

Date:   December 21, 2017
        Central Islip, New York


_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge